Ms. Lori Steltzer Venice City Clerk 401 West Venice Avenue Venice, Florida 34285
Dear Ms. Steltzer:
You ask substantially the following question:
May the City of Venice deny an occupational license to an applicant who refuses to provide a Social Security number as required by section 205.0535(5), Florida Statutes?
In sum:
The City of Venice may require an applicant for an occupational license to provide a Social Security number as a means of establishing identification for purposes of administering its occupational license tax program.
Section 205.0535, Florida Statutes, authorized a county or municipality, by October 1, 1995, to enact an ordinance reclassifying businesses, professions, and occupations and establishing new tax rate structures for occupational licenses.[1]
For those counties or municipalities that have complied with the procedures set forth in the statute, section 205.0535(5), Florida Statutes, states that "[n]o license shall be issued unless the federal employer identification number or social security number is obtained from the person to be licensed."
You state that an applicant for an occupational license has refused to provide his Social Security number, claiming a right to privacy under federal law.
Section 7 of Public Law 93-579, The Privacy Act of 1974,[2]
provides:
"(a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number. (2) the provisions of paragraph (1) of this subsection shall not apply with respect to — (A) any disclosure which is required by Federal statute, or (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual. (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it."
Thus, federal law appears to preclude requiring an individual to provide a Social Security number in order to receive a right, benefit or privilege, unless a federal statute requires such disclosure or a system of records was in existence before January 1, 1975, and disclosure was required by statute or regulation adopted prior to that date.
An exception to the general proscription against requiring Social Security numbers, however, is contained in 42 United States Code section 405. Section 405(c)(2)(C)(I) of Chapter 42 United States Code provides:
"It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Commissioner of Social Security for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security."
Thus, as an additional exception to the protection generally afforded to people who refuse to disclose their Social Security numbers, Federal law authorizes a state or local government to require an individual who is or appears to be affected by, among others, a tax law to furnish his or her Social Security number as a means of identification.[3]
Section 205.042, Florida Statutes, provides:
"The governing body of an incorporated municipality may levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. . . . The occupational license tax may be levied on: (1) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any business within its jurisdiction. (2) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction. (3) Any person who does not qualify under subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if the license tax is not prohibited by s. 8, Art. I of the United States Constitution."
The statute authorizes a municipality to impose a tax on individuals for the privilege of engaging in business in its jurisdiction. Thus, the statute is a tax law under which an individual who is affected by such law may be required to provide a Social Security number for identification purposes. Requiring an applicant to furnish a Social Security number before issuing an occupational license, as required by section 205.0535(5), Florida Statutes, would appear to fall within the exemption from the general protection against disclosure of Social Security numbers contained in the federal law.
Accordingly, it is my opinion that the City of Venice may require an applicant for an occupational license to provide a Social Security number as a means of establishing identification for purposes of administering its occupational license tax program.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 205.0315, Fla. Stat. (1995), authorizes municipalities and counties that have not adopted an occupational license tax ordinance as of October 1, 1995, to adopt such an ordinance with a tax rate structure and classifications based upon the rate structure and classifications prescribed in ordinances adopted by adjacent local governments that have implemented s.205.0535, Fla. Stat.
[2] 88 Stat. 1897, effective December 31, 1974. See also, Historical and Statutory Notes, 5 U.S.C.A. Sec. 552a.
[3] Cf., Doyle v. Wilson, 529 F. Supp. 1343, 1349 (D.C. Del. 1982) (requiring disclosure of Social Security number not valid, unless it is incident to the administration of a driver's license or motor vehicle registration law or is required under a statute or regulation adopted prior to January 1, 1975, under a system of records then in existence and operative, and unless individual is informed whether disclosure is mandatory or voluntary, is told by what authority such number is solicited and to what uses the number will be put).